Hal WINN; Allen J. Boe, as Executor of the Estate of Guy Hemric, Plaintiffs–Appellants,

v.

OPRYLAND MUSIC GROUP, INC.; Acuff–Rose Music, Inc.; MCA Records, Inc., a California corporation, Defendants–Appellees.

Hal Winn; Allen J. Boe, as Executor of the Estate of Guy Hemric, Plaintiffs–Appellants/Cross–Appellees,

v.

Opryland Music Group, Inc.; Acuff–Rose Music, Inc.; MCA Records, Inc., a California corporation, Defendants–Appellees/Cross–Appellants.

Nos. 00–55390, 00–55471.
D.C. No. CV 99–00232–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Nov. 1, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

At issue in this case are competing claims of ownership of a song entitled "The Heart You Break May Be Your Own," recorded by Patsy Cline in 1956 and first released in 1963. Appellants brought this action against Appellees, alleging, *inter alia*, copyright infringement. The district court granted summary judgment to Appellees on the grounds that (1) Appellants had presented no evidence calling into question Appellees' claim that their associates had written the song earlier than Appellants claimed they had written it, and (2) the doctrine of laches barred Appel-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

lants' claim. Appellants appealed, and Appellees cross-appealed for an award of costs, including attorney's fees.

We hold that the district court erred in granting the motion for summary judgment, because genuine issues of material fact exist on the question of copyright infringement. There therefore also remains a genuine issue of material fact regarding laches, at least as to the question of the applicability of the "willful infringement" exception. Accordingly, we reverse and remand. Finally, we hold that Appellees' claim for attorney's fees is moot.

I

In order to establish copyright infringement, a party must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 341, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The second element of the *Feist* test, "copying," involves two prongs: access and substantial similarity. 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01[B], at 13–12 (2001); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir.2000).

The district court correctly found that the first element, "ownership," was not at issue. There is no dispute that Appellants have a 1957 copyright to the song that was renewed in a timely fashion.

■ The district court erred, however, in its analysis of the issues of access and substantial similarity. Appellants presented evidence purporting to show that they had written the song in 1956, and their copyright of the song — the certificate for which includes the music and lyrics recorded by Patsy Cline — is dated 1957. Appellees presented evidence of a purported 1955 contract with those who they allege

wrote the song. That contract is for a song entitled "The Heart You Break May Be Your Own"; but the song was not copyrighted until 1983, and the certificate for the copyright includes neither music nor lyrics. There are therefore genuine issues as to the material facts of who wrote the song, who had access to that song after it was written, and who copied the song from whom.

The court did not even need to consider the access question because of the "striking similarity" between the song claimed by Appellants and that claimed by Appellees. Indeed, there is no dispute that they claim rights in the *same* song. We have stated that, "[a]bsent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying." *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.1987).

The district court thus erred in concluding that there were no genuine issues of material fact as to whether Appellants could establish infringement.

II

■ Laches is available as a defense in a copyright action only when there is a showing of (1) delay that (2) is unreasonable and (3) causes prejudice. *Danjaq v. Sony Corp.*, 263 F.3d 942, 952–56 (9th Cir.2001). However, the defense of laches is not available in a case of willful infringement, when the infringing conduct "occurs 'with knowledge that the defendant's conduct constitutes copyright infringement.'" *Id.* at 957 (citation omitted). Because there remains a genuine issue of material fact as to infringement in this case, there likewise remains a genuine issue of material fact as to the applicability of laches, at least insofar as the willful infringement exception is concerned.

■ The district court did not err, however, in holding that Appellees' statute of

limitations argument fails. Appellants' claims are properly characterized as copyright infringement claims, so Appellants are not time-barred from bringing an action regarding those alleged acts that took place within the three years immediately before the commencement of the action. 17 U.S.C. § 507(b); *see also Zuill v. Shanahan,* 80 F.3d 1366, 1370 (9th Cir.1996).

### III

Appellees contend that the district court should have awarded them costs, including attorney's fees, because they were the prevailing party in an action under the Copyright Act. This argument is moot in light of our holding.

REVERSED and REMANDED for further proceedings consistent with this opinion.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.